**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

FILED
12/11/2019 1:08 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
7688809

| | |
|---|---|
| DONNA DEBENEDETTI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2019L013642 |
| T.J. POTTER TRUCKING, INC., and THOMAS BARTKOWICZ, | ) ) **Plaintiff Demands a Jury Trial** |
| Defendants. | ) ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Donna Debenedetti, by and through her attorneys, Levinson and Stefani, and complaining of the Defendants, T.J. Potter Trucking, Inc., and Thomas Bartkowicz, states as follows:

### Facts Common to All Counts

1. On or about October 26, 2018, the Defendant, T.J. Potter Trucking, Inc. ("T.J. Potter"), was a corporation licensed to do business in the State of Minnesota, with a registered address of 13985 Industry Ave., Becker, MN 55308. *wrong address Barb*

2. At all relevant times herein, the Defendant, T.J. Potter, a Motor Carrier, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

3. At all times relevant herein, the Defendant, Thomas Bartkowicz ("Bartkowicz"), was a resident of the City of Saint Joseph, County of Stearns, State of Minnesota.

4. At all relevant times herein, the Defendant, Bartkowicz, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.


EXHIBIT A

24b2fbe4116e25ac

5. On or about October 26, 2018, the Plaintiff, Donna Debenedetti, was driving a motor vehicle northbound on I-294, at or near milepost 30, in Proviso Township, Cook County, Illinois.

6. At the aforementioned time and place, the Defendant T.J. Potter was the owner of a semi truck, US DOT Number 303391 (hereinafter "Semi Truck"), being driven by its agent and servant, Defendant Bartkowicz, also traveling northbound on I-294 near the vehicle driven by the Plaintiff, when Defendant Bartkowicz attempted to change lanes and struck the vehicle driven by the Plaintiff.

7. At all relevant times herein, the Plaintiff was exercising all due care for her own safety.

## COUNT I: Negligence against Thomas Bartkowicz

8. The Plaintiff hereby adopts and re-alleges paragraphs 1-7 as though fully set forth herein.

9. At said time and place, it was the duty of the Defendant, Bartkowicz, to operate, maintain, and control his Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff.

10. Notwithstanding the foregoing duty, the Defendant, Bartkowicz, did operate, maintain, and control his Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a) operated his Semi Truck at a speed too great for conditions prevailing;

    b) failed to keep a proper lookout;

    c) followed the Plaintiff's vehicle too closely;

    d) failed to avoid a collision with the vehicle operated by Plaintiff;

    e) struck the vehicle occupied by the Plaintiff;

    f) failed to drive his vehicle as nearly as practicable entirely within a single lane in violation of 625 ILCS 5/11-709 et seq.;

    g) failed to slow or stop his Semi Truck when danger to the Plaintiff was imminent;

    h)     failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including not having his legally required log book, violating regulations on maximum driving time, and failing to reduce speed and exercise caution in hazardous weather conditions; and

    i)     failed to properly maintain his Semi Truck, including but not limited to adequate brakes.

11. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Bartkowicz did violently collide with the vehicle occupied by the Plaintiff, Donna Debenedetti, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

    a)     bodily injury;

    b)     pain and suffering;

    c)     mental suffering;

    d)     medical expenses; and

    e)     disability or loss of normal life.

WHEREFORE, the Plaintiff, Donna Debenedetti, prays for judgment against the Defendant, Thomas Bartkowicz, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs.

### COUNT II: Negligence against T.J. Potter Trucking, Inc. (*Respondeat Superior*)

12. The Plaintiff hereby adopts and re-alleges paragraphs 1-11 as though fully set forth herein.

13. At said time and place, Defendant Bartkowicz was operating the Semi Truck under the authority and control of his employer or contractor, T.J. Potter.

14. At said time and place, Defendant Bartkowicz was operating the Semi Truck with the consent of Defendant T.J. Potter.

15. At said time and place, Defendant Bartkowicz was operating the Semi Truck in the course and scope of his employment with Defendant T.J. Potter.

16. At said time and place, it was the duty of the Defendant, T.J. Potter, by and through its agent or employee Defendant Bartkowicz, to own, operate, maintain, and control its Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Donna Debenedetti.

17. Notwithstanding the foregoing duty, the Defendant, T.J. Potter, by and through its agent or employee Defendant Bartkowicz, did own, operate, maintain, and control its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

   a) failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

   b) operated the Semi Truck at a speed too great for conditions prevailing;

   c) failed to keep a proper lookout;

   d) followed the Plaintiff's vehicle too closely;

   e) failed to avoid a collision with the vehicle operated by Plaintiff;

   f) failed to drive his vehicle as nearly as practicable entirely within a single lane in violation of 625 ILCS 5/11-709 et seq.;

   g) failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

   h) struck the vehicle occupied by the Plaintiff;

   i) failed to adhere to certain rules and regulations codified in 49 CFR 300 et seq., including not having the legally required log book, violating regulations on maximum driving time, and failing to reduce speed and exercise caution in hazardous weather conditions; and

   j) failed to properly maintain its Semi Truck, including but not limited to adequate brakes.

18. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant T.J. Potter did violently collide with the vehicle occupied by the Plaintiff, Donna Debenedetti, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:
    a) bodily injury;
    b) pain and suffering;
    c) mental suffering;
    d) medical expenses; and
    e) disability or loss of normal life.

WHEREFORE, the Plaintiff, Donna Debenedetti, prays for judgment against the Defendant, T.J. Potter Trucking, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs.

**COUNT III:   Direct Negligence against T.J. Potter Trucking, Inc.**

19. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

20. The Defendant, T.J. Potter, had the duty to act reasonably in hiring and retaining Defendant Bartkowicz to operate the Semi Truck.

21. The Defendant, T.J. Potter, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Bartkowicz, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

22. Notwithstanding the foregoing duties, the Defendant, T.J. Potter, by and through its agents and employees, did breach said duties in one or more of the following ways:
    a) knew or should have known that Bartkowicz was unfit to operate the Semi Truck;
    b) allowed Bartkowicz to operate the Semi Truck while in violation of applicable

5

Case: 1:20-cv-00525 Document #: 1-1 Filed: 01/23/20 Page 6 of 8 PageID #:9

federal regulations at 49 CFR 300, *et seq.*;

    c)   did not take appropriate action in training Bartkowicz;

    d)   did not take appropriate action in disciplining or re-training Bartkowicz when it knew or should have known Bartkowicz failed to comply with various rules and regulations;

    e)   did not remove Bartkowicz from duties after T.J. Potter knew or should have known Bartkowicz was unfit for the job; and

    f)   did not provide supervision of Bartkowicz when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

23. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant T.J. Potter did violently collide with the vehicle occupied by the Plaintiff, Donna Debenedetti, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

    a)   bodily injury;

    b)   pain and suffering;

    c)   mental suffering;

    d)   medical expenses; and

    e)   disability or loss of normal life.

WHEREFORE, the Plaintiff, Donna Debenedetti, prays for judgment against the Defendant, T.J. Potter Trucking, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs.

Respectfully submitted,

By: _____
Danylo Terleckyj

Levinson and Stefani
Attorneys for Plaintiff
230 W. Monroe St., Suite 2210
Chicago, Illinois 60606
P: (312) 376-3812
F: (312) 376-3818
dan@levinsonstefani.com
Attorney No. 58168

12/11/2019 1:08 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DONNA DEBENEDETTI, | ) |
|                     Plaintiff, | ) |
| v. | ) No. 2019L013642 |
| T.J. POTTER TRUCKING, INC., and THOMAS BARTKOWICZ, | ) Plaintiff Demands a Jury Trial |
|                     Defendants. | ) |

### AFFIDAVIT RE: DAMAGES SOUGHT

NOW COMES the Plaintiff, Donna Debenedetti, by and through her attorneys, Levinson and Stefani, and pursuant to Supreme Court Rule 222, sets forth the following:

THE DAMAGES SOUGHT IN THE ABOVE TITLED CAUSE OF ACTION DO EXCEED $50,000.00.

Respectfully submitted,

By: _____
Danylo Terleckyj

Under penalties, as provided by law pursuant to 735 ILCS 5/1 109, the undersigned certified that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

By: _____
Danylo Terleckyj

Levinson and Stefani
Attorneys for the Plaintiff
230 W. Monroe Street, Suite 2210
Chicago, Illinois 60606
P: (312) 376-3812
F: (312) 376-3818
dan@levinsonstefani.com
Attorney No.: 58168